1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                  EASTERN DISTRICT OF CALIFORNIA

8

9  WILLIAM-JOSEPH :MOORE          )        No. CV-F-05-0092 REC SMS
                                  )
10                Plaintiff,      )        ORDER GRANTING DEFENDANTS'
                                  )        MOTIONS TO DISMISS.
11          vs.                   )
                                  )        (Docs. 21, 27)
12 GARY FIEF, et al.              )
                                  )
13                Defendants.     )
                                  )
14 _____)

15      Before the Court are Defendants' motions to dismiss the

16 document filed by :William-Joseph :Moore, in esse, Sui Juris:

17 ("Plaintiff") entitled "Demand to Prove Jurisdiction and Demand

18 for Writ to Quash Thirty Day Hold on Automobile" ("Complaint").

19 The Court finds this matter suitable for determination without

20 oral argument.  Upon due consideration of the written arguments

21 of the parties and the record herein, the Court GRANTS

22 Defendants' motions to dismiss.

23 **I.  Background**

24      This case arises from a traffic stop on the night of

25 December 26, 2004.  Plaintiff, who refers to himself as

26 "Demandant," was allegedly stopped by "a representative of the

                                  1

Defendants" for a traffic violation, apparently making an illegal

left turn.  After being signaled by the officer, Plaintiff pulled

the vehicle over and complied with the officer's request to roll

down the window.  Without a request from the officer, Plaintiff

stepped out of the vehicle.  The officer responded by allegedly

drawing his weapon and pointing it at Plaintiff.  Plaintiff then

re-entered the vehicle and locked the doors to pray and think.

The officer called for backup such that about "fifteen or twenty

or more representatives of the Defendants" were present.

Plaintiff exited the vehicle and "representatives of the

Defendants began taking Demandant down the street while causing

Demandant bodily injury: At no time did Demandant offer any

physical resistance . . .."  Plaintiff and the vehicle were then

"taken away," although the Complaint does not allege that an

arrest was made.  Plaintiff was held overnight and released.  A

notice to appear was issued on December 27, 2004.  Plaintiff

alleges that he is "One American, a Sovereign American" and

"beyond the jurisdiction of the Defendants."

**II.  Procedural History**

The Complaint was filed on January 4, 2005, and names as

Defendants Gary Fief, Richard Pierce, Jerry Dyer, Elizabeth Egan,

Alan Autry and Kenneth R. Johnson.[1]

The Complaint is not in proper form in accordance with the

---

[1] On January 25, 2005, Mr. Moore filed a "notice of settlement" that indicated that the vehicle had been released from the impound yard apparently operated by Mr. Johnson and that Mr. Moore would not pursue any further claims against Mr. Johnson.

2

1 Federal Rules of Civil Procedure and the Local Rules of the

2 Eastern District of California.  It sets forth the facts as

3 stated above, states that "Demandant refuses for cause and

4 without dishonor a third party 'Notice to Appear . . . which is

5 the result of the actions and polices of [Defendants];'" and

6 "demands" that Defendants furnish Plaintiff with various

7 contracts that purportedly authorize Defendants to act.  The

8 Complaint requests damages for the wrongful detainment of

9 Plaintiff overnight and payment of his medical expenses for

10 injuries incurred before and during the detainment.  Plaintiff

11 also makes reference to the "unlawful taking" of the vehicle he

12 was driving and characterizes the detainment as a kidnaping.

13      Defendants Jerry Dyer and Alan Autry, respectively the chief

14 of police and mayor of the City of Fresno during the time in

15 question, filed a motion to dismiss or, in the alternative, for a

16 more definite statement.  Defendants Dyer and Autry assert

17 various grounds for dismissal including lack of subject matter

18 jurisdiction, insufficiency of service of process (lack of

19 personal jurisdiction), failure to state a claim, failure to

20 comply with Rule 8 of the Federal Rules of Civil procedure, and

21 failure to allege compliance with the California Government Tort

22 Claims Act.

23      Defendants Pierce and Egan move to dismiss based on the

24 demand not being a proper pleading, lack of subject matter

25 jurisdiction, and insufficiency of process.

26      Plaintiff has filed various documents in this case, none in

3

1   the technical form of an opposition.  Included among these are

2   declarations in which Plaintiff purports to fire counsel for

3   various Defendants and to which he attaches the various filings

4   of Defendants with the following stamped on every page: "I do not

5   wish to contract with you: refusal for cause and without

6   dishonor, and without recourse to me . . .."  See e.g. Docs. 23,

7   26, 32-33.  Plaintiff also makes various arguments relating to

8   the oaths of office taken by the respective Defendants.  To the

9   extent Plaintiff's filings made just prior to the then-scheduled

10  hearing on the matter, the Court granted Defendants time to

11  respond and stated that upon receipt of those filings the Court

12  would determine whether the matter is suitable for decision

13  without oral argument.  As stated, the Court has determined this

14  to be the case.

15  **III.  Discussion**

16      **A.  Subject Matter Jurisdiction**

17      Rule 12(b)(1) of the Federal Rules of Civil Procedure

18  provides that a motion to dismiss may be based on a lack of

19  subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A

20  plaintiff must establish that subject matter jurisdiction exists,

21  and the Court begins the inquiry presuming that a case is outside

22  its limited jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of

23  America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391

24  (1994).  Jurisdiction in a federal district court may be based on

25  either federal question, 28 U.S.C. § 1331, or diversity, 28

26  U.S.C. § 1332.

4

1    Pleadings "shall contain (1) a short and plain statement of

2  the grounds upon which the court's jurisdictions depends."  Fed.

3  R. Civ. P. 8(a).   Eastern District Local Rule 8-204 provides

4  that, when an allegation of jurisdiction is required, it "shall

5  appear as the first allegation of any complaint" and set forth

6  the basis for federal jurisdiction.  E.D. Cal. R. 8-204.

7    Here, the Complaint lacks a "short and plain statement"

8  setting forth subject matter jurisdiction.  It does, however,

9  reference the Eleventh Circuit case <u>Trezevant v. Tampa</u>, 741 F.2d

10  336 (11th Cir. 1984).  <u>Trezevant</u> was a case arising under the

11  Civil Rights Act, 42 U.S.C. § 1983, which is an appropriate basis

12  for federal question jurisdiction.  Although Plaintiff does not

13  specifically state that he is seeking relief pursuant to section

14  1983, when the facts alleged - being held at gunpoint, caused

15  "bodily injury," and held overnight in jail - are combined with

16  the liberal construction given to the pleadings of *pro se*

17  litigants and the citation to <u>Trezevant</u>, it appears to the Court

18  that federal question subject matter jurisdiction exists.

19    Accordingly, Defendants' motion to dismiss on this basis is

20  DENIED.  However, because the Complaint is being dismissed as set

21  forth below, Plaintiff must comply with the Federal and Local

22  rules regarding form and content, specifically as to the

23  jurisdictional allegation, in any amended pleading.

24    **B.   Insufficiency of Process & Service of Process**

25    Rule 4(c) of the Federal Rules of Civil Procedure provides,

26  in pertinent part, that a "summons shall be served together with

5

1 a copy of the complaint."  Fed. R. Civ. P. 4(c).  A plaintiff may

2 present a summons to the clerk of the court for issuance upon

3 filing a complaint.  Fed. R. Civ. P. 4(b).  Personal service of

4 process on a party within the forum state establishes personal

5 jurisdiction.  Schwarzer, Rashima & Wagstaffe, Cal. Prac. Guide:

6 Fed. Civ. Pro. Before Trial §§ 3:40, 5:13.1 (The Rutter Group

7 2004).  Local Rule 4-210(b) requires that, where service has not

8 been waived, "proof of service of process shall be made . . . by

9 affidavit of the person serving such process."  E.D. Cal. R. 4-

10 210(b).

11      Rule 12(b)(4) of the Federal Rules of Civil Procedure

12 provides for dismissal based on insufficiency of process.  Fed.

13 R. Civ. P. 12(b)(4).  Similarly, Rule 12(b)(5) of the Federal

14 Rules of Civil Procedure provides that a complaint may be

15 dismissed for insufficiency of service of process.  Fed. R. Civ.

16 P. 12(b)(5).  A motion to quash is properly treated as a motion

17 to dismiss pursuant to Rule 12(b)(5).

18      Here, process was insufficient.  No summons has been issued

19 in this case according to both the docket sheet and Defendants'

20 papers.  The language of Rule 4 is not optional.  Unless a party

21 has specifically waived service of process, a plaintiff must

22 serve that party with a summons and a copy of the complaint.

23 Without such service, the Court is without personal jurisdiction

24 over Defendants and a plaintiff's suit has not properly been

25 initiated.  Accordingly, the Complaint is DISMISSED without

26 prejudice.

6

1     Defendants Dyer and Autry also challenge the service of

2 process as insufficient because Plaintiff's representative

3 delivered the complaint to their offices rather than to them

4 personally.  This is incorrect.  Rule 4(e) provides that

5 individuals may be served "pursuant to the law of the state in

6 which the district is located or in which service is effected."

7 Fed. R. Civ. P. 4(e)(1).  Section 415.20 of the California Code

8 of Civil Procedure provides that, in lieu of personal delivery of

9 a summons and complaint, "a summons may be served by leaving a

10 copy of the summons and complaint during usual office hours in

11 his or her office . . . with the person who is apparently in

12 charge thereof . . .."  Cal. Code Civ. P. § 415.20.  The Court

13 notes, however, that the proofs of service filed by Plaintiff do

14 not comply with the local rules.  The certificates filed by

15 Plaintiff indicate that they are made "within the limits of [the

16 declarant's] religious beliefs" and on "information and belief"

17 rather than under penalty of perjury as required by Eastern

18 District Local Rule 5-135(c).  Plaintiff is ordered to comply

19 with the local rules in subsequent filings.

20     Accordingly, Defendants' motion to quash service of process

21 is DENIED.

22     **C.   Failure to State a Claim**

23     Rule 12(b)(6) of the Federal Rules of Civil Procedure

24 provides that a complaint may be dismissed for failure to state a

25 claim on which relief could be granted.  Fed. R. Civ. P.

26 12(b)(6).  A complaint may be dismissed pursuant to Rule 12(b)(6)

7

1 if there is a lack of a cognizable legal theory or if there are

2 insufficient facts alleged under a cognizable legal theory.

3 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.

4 1990).  The Court must determine whether or not it appears to a

5 certainty under existing law that no relief can be granted under

6 any set of facts that might be proved in support of a plaintiff's

7 claims.  De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978),

8 *cert. denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072

9 (1979).  In testing the sufficiency of a complaint against a Rule

10 12(b)(6) challenge, a court must "accept all material allegations

11 in the complaint as true and construe them in the light most

12 favorable to the plaintiff."  North Star Int'l v. Arizona Corp.

13 Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The Court need not,

14 however, "accept legal conclusions cast in the form of factual

15 allegations if those conclusions cannot reasonably be drawn from

16 the facts alleged."  Clegg v. Cult Awareness Network, 18 F.3d 752

17 (9th Cir. 1994).

18     Although a complaint is to be viewed with liberality in *pro*

19 *se* and civil rights cases, "a liberal interpretation of a civil

20 rights complaint may not supply essential elements of the claim

21 that were not initially pled.  Vague and conclusory allegations

22 of official participation in civil rights violations are not

23 sufficient to withstand a motion to dismiss."  Ivey v. Bd. of

24 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25     Here, the Complaint is lacking in allegations specifically

26 related to any of Defendants with respect to both the section

8

1  1983 claim and any state law claims.  Section 1983 liability

2  requires a "causal relation between the conduct between the

3  conduct of the defendant and the plaintiff's constitutional

4  deprivation."  Sheldon H. Nahmod, Civil Rights & Civil Liberties

5  Litigation (4 ed. West) 3:90-91; see also Monell v. Dept. of

6  Social Services of New York, 436 U.S. 658, 692, 98 S. Ct. 2018,

7  56 L. Ed. 2d 611 (1978).  No such causation is alleged.

8       As to any state law claims, not only is there no specific

9  state law cause of action set forth with supporting factual

10 allegations, but the Complaint also fails to allege compliance

11 with the California Tort Claims Act and fails to allege a

12 statutory basis for the liability of Defendants.

13      Accordingly, Defendants' motion to dismiss is GRANTED and

14 the Complaint is DISMISSED with leave to amend.

15      **D.  Failure to Comply with Rule 8**

16      Defendants Dyer and Autry also argue that the Complaint

17 fails to comply with Rule 8 of the Federal Rules of Civil

18 Procedure.  Rule 8(e) specifies that the averments in a complaint

19 "shall be simple, concise, and direct."  Rule 8(e) "applies to

20 good claims as well as bad and is a basis for dismissal

21 independent of Rule 12(b)(6)."  McHenry v. Renne, 84 F.3d 1172,

22 1179 (9th Cir. 1996).  Here, the Complaint is not "simple,

23 concise, and direct" and Plaintiff is ordered to comply with Rule

24 8 in any amended pleadings.  Failure to do so may result in

25 dismissal of this action.

26 ///

1       **E.   Rule 12(e) Motion for a More Definite Statement**

2       Defendants Dyer and Autry moved in the alternative for a

3 more definite statement.  While the Court agrees with Defendants'

4 assertion that there is insufficient information for Defendants

5 to frame a responsive pleading, because the Court is dismissing

6 the Complaint pursuant to Rule 12(b)(6), Defendants' motion for a

7 more definite statement under Rule 12(e) is DENIED.

8 **IV.   Various "Motions" Filed by Plaintiff**

9       Plaintiff has filed various documents bearing the title of

10 "motion," i.e. "Motion Requiring Judicial Cognizance of All of

11 the Declarations the Demandant Enters Into This Case."  Many of

12 these are accompanied by prior filings of Defendants and by

13 various other exhibits relating to oaths of office and the

14 "original thirteenth amendment."

15       These documents are not proper motions.  Plaintiff does not

16 state any applicable legal authority for these motions as

17 required by Rule 7(b) of the Federal Rules of Civil Procedure.

18 Accordingly, all remaining "motions" by Plaintiff are DENIED.

19 **V.   Conclusion**

20       The Complaint is dismissed in this case because the Court

21 lacks personal jurisdiction, which may be established by

22 complying with Rule 4 of the Federal Rules of Civil Procedure,

23 and because the Complaint fails to state a claim on which relief

24 can be granted.

25       The Court grants leave to amend, however the Court also

26 emphasizes that while *pro se* litigants are given some leniency in

1  pleading requirements, the Federal Rules of Civil Procedure and

2  Local Rules apply and must be complied with in all civil cases.

3  Failure of subsequent pleadings submitted by Plaintiff to comply

4  with Rules 4, 7, 8, and 11 of the Federal Rules of Civil

5  Procedure may result in dismissal of this case and the imposition

6  of sanctions.  If Plaintiff is unable to understand and comply

7  with these rules, he is encouraged to obtain the assistance of

8  counsel in pursuing this matter.

9      **ACCORDINGLY,** Defendants' motions to dismiss are hereby

10  GRANTED and Plaintiff's Complaint is hereby DISMISSED without

11  prejudice.

12      **FURTHER**, Defendants' motions to quash and for a more

13  definite statement are hereby DENIED.

14      **FURTHER**, Plaintiff's remaining motions are hereby DENIED.

15

16  IT IS SO ORDERED.

17  **Dated:  May 20, 2005**               **/s/ Robert E. Coyle**
    ia40ij                          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

11